UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON XAVIER JOHNSON #428544,

        Plaintiff,

v.

ROBERT GOODSPEED, et al.,

        Defendants.

Hon. Paul L. Maloney

Case No. 1:25-cv-760

_____/

## REPORT AND RECOMMENDATION

This matter is before me on Defendant Jeffrey Clouse's Motion for Summary Judgment based on the affirmative defense of non-exhaustion. (ECF No. 18.) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and dismiss Plaintiff's claim against Defendant Clouse without prejudice.

## I. Background

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983 on July 10, 2025, against several MDOC employees based on events that occurred at the Oaks Correctional Facility (ECF) in July, October, and December 2022. Following initial review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c), the Court allowed Plaintiff's following claims to proceed: (1) First Amendment retaliation claims against Defendants Clouse, Baker, and Ward; (2) Eighth Amendment excessive force claim against

1

Defendant Goodspeed; and (3) Eighth Amendment deliberate indifference claim against Defendant Bruskis.[1] (ECF No. 4 at PageID.55–56.)

Plaintiff's specific allegations against Defendant Clouse concern exchanges that occurred on October 19 and 21, 2022 concerning two Prison Rape Elimination Act (PREA) grievances Plaintiff had filed. Plaintiff alleges that on October 19, 2022, Defendant Clouse stopped by his isolation cell in unit 4 and told him that one of the PREA grievances was being denied, and the other grievance was being investigated. (ECF No. 1 at PageID.7.) Two days later, Clouse stopped by Plaintiff's cell again and told him "to stop putting in grievances on his staff and maybe staff [would not] retaliate against [Plaintiff]." (*Id.*)

Defendant Clouse now seeks summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies against him.

## II. Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th

---

[1] Defendant Bruskis was subsequently dismissed from the action without prejudice due to Plaintiff's failure to provide accurate service information. (ECF No. 43.)

Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### III. Discussion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion,"

defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford*

*v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for

prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to

resolve the issue with the staff member involved within two business days after becoming aware

of a grievable issue, unless prevented by circumstances beyond [their] control or if the issue is

believed to fall within the jurisdiction of Internal Affairs." Mich. Dep't of Corr. Policy Directive

03.02.130 ¶ Q (effective 03/18/2019). If this attempt is unsuccessful (or is inapplicable), the

prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five

business days after attempting to resolve the matter with staff. *Id.* The issues asserted in a grievance

"should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those

involved in the issue being grieved are to be included." *Id.* at ¶ S.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response,

he may appeal to Step II within ten business days of the response, or if no response was received,

within ten business days after the response was due. *Id.* at ¶ DD. If the prisoner is dissatisfied with

the Step II response, or does not receive a timely Step II response, he may appeal the matter to

Step III. *Id.* at ¶ HH. The Step III grievance must be submitted within ten business days after

receiving the Step II response, or if no Step II response was received, within ten business days

after the date the Step II response was due. *Id.*

Defendant Clouse supports his motion for summary judgment with a Step III Grievance Report for Plaintiff dated August 18, 2025, which shows the grievances Plaintiff filed and pursued through Step III that arose out of incidents occurring at ECF. (ECF No. 19-3.) The Step III report shows that the only ECF-based grievances Plaintiff filed were ECF-21-11-1611-28e and ECF-21-07-1067-19b, both of which were filed at Step I in 2021, prior to the alleged 2022 incidents forming the basis of Plaintiff's claims in this action. (*Id.* at PageID.144.) In addition, Clouse presents an affidavit from MDOC Litigation Specialist Tracey Raquepaw of the Office of Legal Affairs in Lansing. (ECF No. 19-5.) Raquepaw attests that she searched the Administrative Investigations Management database, which tracks PREA grievances, and located two in which Plaintiff was the victim: (1) AIM #41585 against Defendant Goodspeed; and (2) AIM #42642 against Defendants Baker and Ward. (*Id.* at PageID.158–59.) Raquepaw states that Goodspeed, Baker, and Ward were the only subjects of these PREA grievances. (*Id.* at PageID.159, 161, 163.)

Plaintiff does not address this evidence; nor does he present his own evidence showing that he exhausted a grievance against Clouse or included Clouse in any PREA complaint. Instead, Plaintiff's response focuses upon his factual allegations in this action, and he attaches two statements from other prisoners which concern his allegations against Defendants Goodspeed, Baker, and Ward, but have nothing to do with Defendant Clouse or any efforts by Plaintiff to exhaust his claim against Defendant Clouse.

Plaintiff's sole reference to exhaustion is his discussion of the Sixth Circuit's decision in *Richards v. Perttu*, 96 F.4th 911 (6th Cir. 2024), which he claims supports his right to jury trial. It does not. In reviewing the Sixth Circuit's decision in *Richards*, the Supreme Court held that "as a matter of statutory interpretation . . . parties have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Perttu*

*v. Richards*, 605 U.S. 460, 468 (2025). *Perttu* has no application here because the issue whether Plaintiff exhausted a claim against Defendant Clouse is not intertwined with Plaintiff's retaliation claim against Clouse. The only evidence in the record pertaining to exhaustion shows that Plaintiff failed to exhaust his claim, and that evidence has no bearing on the merits of Plaintiff's retaliation claim against Defendant Clouse. Accordingly, Plaintiff fails to create a genuine issue of material fact as to exhaustion.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **grant** Defendant Clouse's motion for summary judgment and **dismiss without prejudice** Plaintiff's claim against Clouse.

Dated: March 2, 2026                                          /s/ Sally J. Berens
                                                                      SALLY J. BERENS
                                                                      U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).